**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| J. Blazek SKLO Podebrady s.r.o. and Mr. Dalibor Blazek,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>Burton International Enterprises and Monika Burton d/b/a Burton International Enterprises,<br><br>　　　　　　　Defendants. | )<br>)  **Case Number:**<br>)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Come now the Plaintiffs, J. Blazek SKLO Podebrady s.r.o. and Mr. Dalibor Blazek, for their Complaint against Defendants, Burton International Enterprises and Monika Burton d/b/a Burton International Enterprises, state and allege as follows:

## THE PARTIES

1.　Plaintiff J. Blazek SKLO Podebrady s.r.o. ("J. Blazek") is a business entity of the Czech Republic having a principal place of business at Olbrachtova 600, 290 01 Podebrady, Czech Republic.

2.　Plaintiff Dalibor Blazek, is an individual with the legal address of Olbrachtova 600, 290 01 Podebrady, Czech Republic.

3.　Upon information and belief, Defendant Burton International Enterprises ("Burton International"), is a business entity incorporated under the laws of Canada, having a principal place of business at #326, 125A-1030 Denman Street, Vancouver, BC V6G 2M6.

4.　Upon information and belief, Defendant Monika Burton ("Burton") is the president of Burton International and an individual residing at #326, 125A-1030 Denman Street,

Vancouver, BC V6G 2M6.

## JURISDICTION

5. This is an action for patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 271 and 282-85.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendants have engaged in the distribution, offer for sale, or both, of products embodying the inventions of United States Patent Nos. 6,488,034 and 6,694,988 in this judicial district and throughout the United States.

## BACKGROUND

8. J. Blazek is engaged in the business of making and selling glass nail files to customers around the world in numerous shapes and sizes.

9. On December 3, 2002, United States Patent No. 6,488,034 ("the '034 patent") entitled FILE, PARTICULARLY NAIL FILE, was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). (Exhibit A.) Mr. Dalibor Blazek is the owner of all right, title, and interest in the '034 patent. J. Blazek is the exclusive licensee of the '034 patent.

10. On February 24, 2004, United States Patent No. 6,694,988 ("the '988 patent") entitled FILE, PARTICULARLY NAIL FILE, was duly and legally issued by the USPTO. (Exhibit B.) Mr. Dalibor Blazek is the owner of all right, title, and interest in the '988 patent. J. Blazek is the exclusive licensee of the '988 patent.

11. Defendants are engaged, *inter alia*, in the business of making and/or selling glass nail files. Defendants have purposefully imported, sold and offered for sale such glass nail files throughout the United States.

12. Upon information and belief, Defendant Burton International is directly engaged in the sale of infringing products as alleged herein. Defendant Burton conducts business online at www.crystalfiles.com.

13. Defendant Burton uses the name Burton International as an alias to operate her business. Upon information and belief, Burton is an officer or principal of Burton International. Upon information and belief, Defendant Burton is directly engaged in the sale of infringing products as alleged herein.

14. Defendants Burton International and Burton were put on actual notice of their infringing activities on October 12, 2007, November 15, 2007, and April 3, 2008, via letter from Plaintiffs. Plaintiffs also mark their glass nail files with at least the '988 patent.

15. Plaintiffs have expended a substantial amount of money and effort in making and selling its patented glass nail files. Defendants' business of making and selling glass nail files is in violation of Plaintiffs' patent rights.

## COUNT I – INFRINGEMENT OF U.S. PAT. NO. 6,488,034

16. Plaintiffs restate the allegations set forth in paragraphs 1-15 and incorporate them herein by reference.

17. By virtue of his ownership of the '034 patent, Plaintiff Mr. Dalibor Blazek maintains the right to sue thereon and the right to recover for infringement thereof.

18. As exclusive licensee of the '034 patent, Plaintiff J. Blazek maintains the right to sue thereon and the right to recover for infringement thereof.

19. On information and belief, Defendants have directly infringed, contributed to the infringement of, and/or induced infringement of the '034 patent through the manufacture, use, sale, offer for sale, and or importation of certain glass nail files.

20. Upon information and belief, Defendants have had actual knowledge of the '034

patent and their infringement of this patent and has been and continues to be willful and deliberate.

21. Plaintiffs have been damaged by Defendants' infringement of the '034 patent and will continue to be damaged in the future unless Defendants are permanently enjoined from infringing the '034 patent, contributing to the infringement of the '034 patent, and/or inducing the infringement of the '034 patent by others.

22. Plaintiffs have satisfied the notice provisions of 35 U.S.C. § 287.

### COUNT II – INFRINGEMENT OF U.S. PAT. NO. 6,694,988

23. Plaintiffs restate the allegations set forth in paragraphs 1-22 and incorporate them herein by reference.

24. By virtue of his ownership of the '988 patent, Plaintiff Mr. Dalibor Blazek maintains the right to sue thereon and the right to recover for infringement thereof.

25. As exclusive licensee of the '988 patent, Plaintiff J. Blazek maintains the right to sue thereon and the right to recover for infringement thereof.

26. On information and belief, Defendants have directly infringed, contributed to the infringement of, and/or induced infringement of the '988 patent through the manufacture, use, sale, offer for sale, and or importation of certain glass nail files.

27. Upon information and belief, Defendants have had actual knowledge of the '988 patent and their infringement of this patent and has been and continues to be willful and deliberate.

28. Plaintiffs have been damaged by Defendants' infringement of the '988 patent and will continue to be damaged in the future unless Defendants are permanently enjoined from infringing the '988 patent, contributing to the infringement of the '988 patent, and/or inducing

...

the infringement of the '988 patent by others.

29.    Plaintiffs have satisfied the notice provisions of 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment that:

A.    Defendants have directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '034 patent;

B.    Defendants have directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '988 patent;

C.    Defendants have willfully infringed one or more claims of the '034 patent;

D.    Defendants have willfully infringed one or more claims of the '988 patent;

E.    Defendants, their officers, agents, servants and employees, and those persons in active concert or participation with any of them be enjoined from further infringing, contributing to the infringement, or inducing the infringement of the '034 patent;

F.    Defendants, their officers, agents, servants and employees, and those persons in active concert or participation with any of them be enjoined from further infringing, contributing to the infringement, or inducing the infringement of the '988 patent;

G.    An accounting be had for the damages arising out of Defendants' infringement of the '034 patent, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest;

H.    An accounting be had for the damages arising out of Defendants' infringement of the '988 patent, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest;

I.    Plaintiffs be awarded their attorneys' fees, costs, and expenses in this action; and

J.    Plaintiffs be awarded such other and further relief as this Court may deem

5

necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable.

Respectfully submitted,

**J. BLAZEK SKLO PODEBRADY S.R.O. and MR. DALIBOR BLAZEK,**
**Plaintiffs**

By its attorneys,

Dated: June 16, 2008

_s/Heather J. Kliebenstein_____
Anthony R. Zeuli (MN # 274884)
Thomas R. Johnson (MN # 242032)
Heather J. Kliebenstein (MN # 337419)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2214
Telephone: (612) 332-5300
Facsimile: (612) 332-9081