**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| J. Blazek SKLO Podebrady s.r.o. and<br>Mr. Dalibor Blazek,<br><br>Plaintiffs,<br>v.<br><br>Burton International Enterprises,<br>Monika Burton *d/b/a* Burton International<br>Enterprises,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  **Case No.:  08-CV-2354**<br>)  **(RHK/JJK)**<br>)<br>)<br>)<br>)<br>)<br>) |

### AMENDED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' "STATEMENT OF DEFENSE"

## I.      INTRODUCTION

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiffs J. Blazek

SKLO Podebrady s.r.o. and Mr. Dalibor Blazek ("Blazek") respectfully move the Court

to strike Defendants Burton International Enterprises' and Monika Burton *d/b/a* Burton

International's ("Burton") "Statement of Defense" emailed and faxed to Blazek's counsel

on January 20, 2009, and filed by the Court as Docket No. 26.[1]  This "answer" fails to

comply with the Federal Rules of Civil Procedure and established case law.  As such, it

should be stricken and default judgment proceedings resumed.

---

[1] This document was filed as an "Answer" to the "Amended Complaint" by Monika Burton.  (Dkt. No. 26.)  Plaintiffs believe the documents filed as Docket No. 26 are in response to Plaintiffs' Complaint and not Plaintiffs' First Amended Complaint.

## II.     FACTUAL BACKGROUND

Despite notice of every pleading filed by Blazek or contacting the Court in November, Defendants have made no effort to participate in this dispute until recently. Defendants' answer was due on September 17, 2008.  Fed. R. Civ. Proc. 12(a)(1). Defendants were notified of this date twice yet provided no answer.  (Dkt. No. 5 at ¶¶ 1 and 4.)  Blazek moved for entry of default on October 10, 2008.  (Dkt. No. 5.) Defendants were notified of Blazek's Request for Entry of Default and still failed to answer, respond or otherwise appear.  (Dkt. No. 7.)  Default was entered on October 14, 2008.  (Dkt. No. 8.)

Defendants never sought to set aside the entry of default.  Blazek therefore moved for default judgment on November 18, 2008.  (Dkt. No. 9.)  Blazek filed its memorandum in support of its Motion for Default Judgment on November 24, 2008.  (Dkt.  No. 13.) Blazek served both pleadings on Defendants promptly.  (Dkt. Nos. 11 and 18.) Defendants contacted the Court by email claiming to be hiring counsel but never did. (Declaration of Anthony R. Zeuli in Support of Plaintiffs' Motion to Strike Defendants' "Statement of Defense" ("Zeuli Decl.") Ex. A.)

Defendants never sought to remedy their default even after this motion was filed. Ms. Burton finally contacted Blazek's counsel on December 8, 2008.  (Zeuli Decl. Ex. B.)  Ms. Burton made no mention of any intent to comply with the Court's deadlines or remedy Defendants' default.  (*Id*. at ¶ 3.)  Instead, Ms. Burton sought a settlement

proposal from Blazek.  In response, Mr. Anthony Zeuli sent Ms. Burton a settlement

proposal on December 16, 2008.  (*Id*. at Ex. C.)

Ms. Burton did not respond to this settlement proposal for three weeks.

Defendants' opposition brief was due on December 19, 2008, but nothing was filed.  Ms.

Burton finally contacted Defendants' counsel on the eve of the default judgment hearing

on January 7, 2009, around 5:00 pm.  (*Id*. at Ex. D.)  Making no mention of any attempt

to comply with the Court's deadlines, Ms. Burton instead requested that Blazek's counsel

re-send the settlement proposal.  (*Id*. at ¶ 5.)  After review of the settlement proposal, Ms.

Burton decided to contact a U.S. lawyer to represent her in this matter.  (*Id*.)  This lawyer

contacted Mr. Zeuli that evening and requested a continuance of the court hearing

scheduled for 8 a.m. the next morning, January 8.  (*Id*.)  Blazek's counsel agreed and the

hearing was rescheduled for January 15, 2009.  (*Id*.)

Ms. Burton then did not ultimately retain this lawyer.  (*Id*. at ¶ 6.)  On January 13,

2009, Ms. Burton requested another continuance of the default judgment hearing.  (Dkt.

No. 19.)  The hearing was rescheduled for January 22, 2009.  (*Id*.)  On January 20, 2009,

Ms. Burton emailed and faxed a document titled "Statement of Defense" to Blazek's

counsel.  (Zeuli Decl. Exs. E and F.)  This document purported to respond to Blazek's

Complaint.  This document, however, was not signed, properly served on Blazek nor

filed with the Court.  (*Id*. at Ex. G.)  This document was also not prepared by an attorney

or filed by an attorney.  (*Id*.)

Ms. Burton allegedly mailed the "statement of defense" to the Court on January 22, 2009. This document was received by the Clerk of Court on January 29, 2009. (Dkt. No. 26.) This document was filed as Docket No. 26, titled "ANSWER statement of defense with jury demand to Amended Complaint by Monika Burton." (*Id*.) Blazek believes this document is not an Answer to the Amended Complaint, but an attempt to answer the original Complaint. The contents of the documents in Docket No. 26 are identical to those emailed and faxed by Ms. Burton to the undersigned counsel on January 20, 2009. (*Id*. and Zeuli Decl. Exs. E and F.) Ms. Burton mailed these documents to the Court before or at the same time Blazek filed and served its First Amended Complaint on Defendants. (*Id*.)

Ms. Burton's behavior has never indicated a willingness to comply with the Court's deadlines and scheduling. None of Ms. Burton's communications with either the Court or Blazek ever indicated intent to answer Blazek's complaint or move to set aside entry of default. Ms. Burton's submissions in Docket No. 26 are untimely as Ms. Burton is already in default. For the following reasons, Blazek's counsel requests Ms. Burton's "Statement of Defense" be stricken and the proceedings for default judgment resumed.

## III.   LEGAL ARGUMENT

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This includes striking legally insufficient pleadings. *Id*. Here, Defendants emailed and faxed a document titled "Statement of

4

Defense" to Blazek's counsel of record on January 20, 2008.  This entire document, for the reasons discussed below, should be stricken as legally insufficient.

### A.     Defendants' "Answer" Should be Stricken as Untimely.

Defendants' answer was due September 17, 2008.  Fed. R. Civ. Proc. 12(a)(1). Defendants' response to Blazek's Motion for Default Judgment was due on December 19, 2008.  The hearing relating to Blazek's Motion for Default Judgment was originally scheduled at 8 a.m. on January 8, 2009.  (Dkt. No. 10.)  Defendants have met none of these deadlines.  Defendants, however, have been notified of these deadlines many times. (Dkt. Nos. 5, 11 and 18.)  While Defendants' representative, Ms. Monika Burton, has contacted the Court several times, not once has she complied with the Federal Rules of Civil Procedure.

The "Answer" mailed to the Court fails to remedy Ms. Burton's delinquency. Docket No. 26 appears to not be an Answer to the Amended Complaint, but an attempt to answer the original Complaint.  The contents of the documents in Docket No. 26 are identical to those emailed and faxed by Ms. Burton on January 20, 2009.  (*Id.*)  This "answer," filed almost four months late and after notice of entry of default, is untimely and should be stricken.

### B.     Defendants' "Answer" has not Been Properly Filed with the Court and is not in Proper Form.

The Federal Rules of Civil Procedure contain guidelines for parties relating to the form of pleadings and how to file pleadings.  Every pleading or paper must be signed by at least one attorney of record in the attorney's individual name or by the party (if

unrepresented).  An unsigned paper should be stricken unless omission of the signature is corrected promptly.  Fed. R. Civ. Proc. 11.

Every pleading subsequent to the original complaint must be served upon each party by mail or personal delivery.  Fed. R. Civ. Proc. 5(a).  Pleadings must also be properly filed with the Court.  Fed. R. Civ. Proc. 5(b).  A paper must be filed with the clerk of court or with the judge by permission.  *Id*.  A paper filed by electronic means must be filed consistent with local rules.  *Id*. at 5(e).  In the District of Minnesota, pleadings filed electronically are governed by the standards and procedures set forth in the most recently approved version of the "Electronic Case Filing Procedures For The District Of Minnesota."  L.R. 5.1.

Here, the document titled "Statement of Defense" fails to meet these requirements.  Ms. Burton, allegedly representing herself and Burton International Enterprises, failed to obtain a lawyer's signature for Burton International Enterprises.  (Zeuli Decl. Ex. F.)  The document was not properly served on Blazek as it was served by email without Blazek's prior consent to service by email.  (*Id*. at Ex. E.)  As such, this document should be stricken and not recognized as a proper answer.

### C.    Defendants' "Answer" Should be Stricken as Defendant Burton International Enterprises Cannot Appear *Pro Se*.

A corporation or business entity cannot appear in federal court *pro se*; it must appear through licensed counsel.  *Rowland v. California Men's Colony*, 506 U.S. 194, 202-203 (1993).  Burton International Enterprises is a Canadian business entity incorporated under the laws of Canada, having a principal place of business at #326,

6

125A-1030 Denman Street, Vancouver, BC V6G 2M6.  (Dkt. No. 1 at ¶ 3.)  Ms. Monika

Burton is not an attorney.  (Zeuli Decl. ¶ 8.)  Accordingly, Burton International

Enterprises cannot be represented by Monika Burton.  As such, Defendants "Statement of

Defense" should be stricken as legally insufficient.

## IV.    CONCLUSION

Accordingly, pursuant to Rule 12(f), Blazek requests that Defendants' "Statement

of Defense" be stricken and Blazek's default judgment proceedings resumed.

Respectfully submitted,


Dated: February 3, 2009                    By:  s/Heather J. Kliebenstein
                                           Anthony R. Zeuli #0274884
                                           Heather J. Kliebenstein #337419
                                           **MERCHANT & GOULD**
                                           3200 IDS Center
                                           80 South Eighth Street
                                           Minneapolis, MN  55402-2215
                                           Telephone:  (612) 332-5300
                                           Facsimile:  (612) 332-9081
                                           E-mail: tzeuli@merchantgould.com
                                           E-mail: hkliebenstein@merchantgould.com

                                           *Attorneys for Plaintiffs J. Blazek SKLO
                                           Podebrady s.r.o. and  Mr. Dalibor Blazek*