UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MR. DALIBOR BLAZEK,                                        CIVIL NO. 08-2354 (RHK/JSM)
BLAZEK GLASS S.R.O.
f/k/a J. Blazek SKLO Podebrady s.r.o.,

     Plaintiffs,

                                                 ***(CORRECTED)***

v.                                                        <u>PRETRIAL SCHEDULING ORDER</u>

BURTON INTERNATIONAL
ENTERPRISES, MONIKA BURTON,
and CRYSTAL FILES & GIFTS, INC.

     Defendants.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of

this Court, and in order to secure the just, speedy, and inexpensive determination of this

action, the following order shall govern these proceedings.  This schedule may be modified

only upon formal motion and a showing of good cause as required by Local Rule 16.3.

<u>Initial Fact Discovery</u>

    1.     All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on
             or before March 31, 2009.

    2.     No more than 25 interrogatories, counted in accordance with Rule 33(a),
             shall be served by either side.

    3.     No more than 10 depositions, excluding expert depositions, shall be taken by
             either side.

    4.     When responding to discovery requests, each party shall interpret terms of
             art liberally, and shall supply discovery relating to the general issue, rather
             than applying a particularized definition for those terms.  It is not sufficient to
             include a specific definition of a term of art and to respond based on that
             definition.

    5.     If the plaintiff has not pleaded a claim of willful infringement, or the defendant
             has not pleaded the defenses of patent invalidity or unenforceability, but the
             opposing party has custody of evidence on these issues, then the opposing

party cannot object to relevant discovery on the basis that such matters have not been pleaded.

6. If the plaintiff has submitted the device in its patent, or a substantially similar device, to a patent office in a foreign jurisdiction, then by request of the defendant the plaintiff shall produce:

   a. Prior art cited against the foreign application.

   b. Communications sent to and received from foreign patent offices about the foreign application.

7. If the inventor for the patent is deposed, the plaintiff shall not object to any questions by the defendant, except on the basis of privilege. If the inventor has knowledge sufficient to do so, the inventor shall answer all questions that seek an opinion on documents or other matters relevant to this litigation. If an inventor claims not to have knowledge sufficient to form an opinion, then the inventor shall not be permitted to testify to those matters at trial, and the opposing party may advise the fact finder that the inventor was unable to answer these questions.

8. Fact discovery shall be commenced in time to be completed on or before March 1, 2010. The parties shall serve discovery requests so that responses are due on or before this date.

<u>Application of Privileges</u>

1. Regardless of whether patent prosecution occurs in a domestic or foreign jurisdiction, communications between the inventors, prosecution counsel, and others prosecuting the patent application are privileged. If the defendant demands such communications and the plaintiff objects on the basis of privilege, the defendant shall not move to compel disclosure unless it demonstrates what it expects to be disclosed and how this information will be used at trial. In such a motion, it is insufficient for the defendant to claim that such communications will be damaging to the plaintiff.

2. Unless the parties reach an agreement to the contrary, all documents that a party withholds in the course of discovery shall be recorded in a withheld document log. The log must include the authors; the recipients; their positions in relationship to the party; the date that the document was authored or retransmitted; the bases for withholding the document; and a sufficient description of the content to allow the opposing party to determine whether a challenge to withholding is appropriate. For any motions to compel discovery, the opposing party shall be prepared to produce a current copy of its withheld document log.

Expert Discovery

1.    All experts that are disclosed may be deposed.  Each party may call all disclosed experts at trial.

2.    For issues on which a party has the burden of persuasion, the parties shall disclose expert identities on or before December 1, 2009 and shall disclose expert reports on or before January 1, 2010.

3.    Rebuttal expert identities and reports shall be disclosed on or before February 1, 2010.

4.    The parties shall not submit expert reports, other than the initial and rebuttal expert  reports authorized above, unless a party receives leave in advance from the court.

5.    All matters disclosed by a party to its experts shall be subject to discovery by the opposing party.

6.    The parties shall not be required to retain or produce drafts of expert reports. The parties shall be permitted to inquire into whether persons other than the expert participated in the drafting of that expert's report.  No motions on these questions will be considered.

7.    Every expert report shall begin with a succinct statement of the opinions that the expert is expected to testify to at trial.

8.    An expert shall not testify on matters not disclosed in the expert's report, or use or refer to evidence not disclosed in the expert's report, unless the party receives leave in advance from the court.

9.    When applying for leave to modify the foregoing limitations on expert reports and testimony, a party shall submit a written application that includes (1) a proposed amendment to the expert report that explains any new matters to be included; (2) an explanation why new matters were not or could not be included in the original report; and (3) an assessment of prejudice, should the new matters be included, to that party and against the adverse party.  This application shall be filed and served no later than thirty days before the final pretrial conference.  Any opposing briefs shall be filed and served no later than ten days after the application is filed.

10.    All expert discovery, including expert depositions, shall be completed on or before **May 1, 2010.**

Claim Construction ("Markman") Issues

1.    The plaintiff shall serve a claim chart upon the defendant on or before May 4, 2009.  This claim chart shall indicate:

a.   The claims of its patent that are infringed.

b.   The defendant's products or methods that literally infringe those claims or that infringe those claims under the doctrine of equivalents.

c.   For every claim of infringement, the elements of the defendant's products or methods that constitute the infringement, including where those elements are found, and the basis for each contention that the element is present.

d.   In addition, for claims under the doctrine of equivalents, an explanation how elements of the defendant's products or methods have an equivalent function, way, or result, and why any purported differences are not substantial.

2.   The defendant shall serve a claim chart upon the plaintiff on or before June 3, 2009.  This claim chart shall indicate:

a.   The elements, disclosed in plaintiff's claim chart, that are present or absent in the accused device or process.  If an element is absent, the defendant shall include the basis for this contention.

b.   For claims under the doctrine of equivalents, an explanation how the elements of the defendant's products do not have an equivalent function, way, or result, and why these differences are substantial.

c.   Any basis for asserting that the claims advanced by plaintiff are invalid.

3.   The parties shall simultaneously exchange lists of contested claim terms, that each party contends will require decision by the court, on or before July 3, 2009.

a.   Each party shall also submit a statement that preliminarily discloses all extrinsic evidence that the party will submit in support of its interpretation of contested claim terms, including without limitation dictionary definitions; citations to treatises and prior art; and testimony from fact or expert witnesses.  The parties shall identify each such item of extrinsic evidence by production number, or if a party has yet to disclose any of this evidence in discovery, then that evidence shall be attached to the memorandum.  If a party is relying on testimony from fact or expert witnesses, then that party shall provide a brief description of the substance of the anticipated testimony.  For expert witnesses, the proponent shall also summarize the opinions the witness will testify to, in sufficient detail to permit a meaningful deposition of the witness on those matters.

b.      If a party intends to rely on an expert witness to respond to expert testimony disclosed by the opposing party with respect to extrinsic evidence pursuant to subparagraph (a) above, whether or not this expert has been previously disclosed pursuant to subparagraph (a) above, on or before August 3, 2009, the identity of this responding expert shall be disclosed and the party shall also summarize the opinions the witness will testify to, in sufficient detail to permit a meaningful deposition of the witness on those matters..

c.      On or before September 15, 2009, any depositions of expert witnesses bearing on claims construction shall be completed.

d.      The parties shall meet and confer on or before October 1, 2009, for the purpose of narrowing the contested issues and preparing a joint claim construction statement.

4.      The parties shall file a joint claim construction statement on or before October 15, 2009.  This statement shall indicate:

a.      The construction of all claim terms, phrases, or clauses on which the parties agree.

b.      Each party's proposed construction of all claim terms, phrases, or clauses on which the parties disagree.  Each party shall cite the evidence on which it intends to rely, including records from the prosecution of the patent, in support of its construction of claim terms, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses..

c.      Whether the parties are seeking to hold a Markman hearing and an estimate of the time required for such a hearing.

d.      Whether any party intends to call witnesses at the Markman hearing, and if so, the identity of the witnesses. In addition, for expert witnesses, the proponent shall also summarize the opinions the witness will testify to at the hearing.

5.      If a Markman hearing is scheduled, the court shall issue an order indicating (1) whether it will receive evidence at the hearing, and if so, what evidence; (2) whether evidence shall be taken through affidavits previously filed or through live testimony; and (3) when the parties shall submit briefs.

Discovery on Particular Defenses

1.      If the defendant intends to advance an invalidity defense:

   a.      On or before June 4, 2009, the defendant shall serve the plaintiff with a prior art statement that discloses and explains in detail how prior art invalidates the patent.

   b.      On or before July 5, 2009, the plaintiff shall serve the defendant with a prior art statement that examines the prior art that the defendant has disclosed and explains why this prior art does not invalidate the patent.

   c.      The parties' prior art statements may be, but need not be, submitted in the form of expert reports.

   d.      The parties may supplement their prior art statements pursuant to Federal Rule of Civil Procedure 26(e).

2.      If the defendant intends to advance an advice-of-counsel defense against willful infringement:

   a.      The defendant may postpone its waiver of any applicable attorney-client privilege on such matters until January 18, 2010, provided that all relevant privileged documents shall be disclosed on or before January 4, 2010.

   b.      Additional discovery on an advice-of-counsel defense will take place after January 18, 2010 and shall be completed on or before May 1, 2010.

Non-Dispositive Motions

All non-dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, and in the form prescribed by Local Rule 37.2. Non-dispositive motions may be scheduled for hearing by calling Katherine Haagenson, Judicial Assistant to Magistrate Judge Mayeron, at (651) 848-1190. When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to the undersigned in an envelope addressed to Katherine Haagenson, Calendar Clerk, contemporaneously with the documents being posted on ECF.

1.  Motions which seek to amend the pleadings to add parties shall be filed, served and HEARD on or before **June 1, 2009.**  Motions which seek to amend the pleadings to add claims or defenses shall be filed, served and HEARD by January 4, 2010.  After this date, if discovery supplies evidence for claims or defenses that were not pleaded, then a party may move for leave to amend, so long as the motion proceeds with due diligence.  All motions to amend shall include a redlined version reflecting the changes contained in the proposed amended pleading.  This deadline does not apply to motions which seek to amend the complaint to add a claim for punitive damages.  Such motions must be brought on or before the non-dispositive motion deadline.

2.  All non-dispositive motions relating to fact discovery shall be served, filed and HEARD on or before March 15, 2010.  All non-dispositive motions relating to expert discovery shall be served, filed and HEARD on or before May 15, 2010.

3.  Prior to scheduling any non-dispositive motion, parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through a telephone conference with the Magistrate Judge.[1]

4.  A Reply Memorandum not exceeding 1750 words (including footnotes) may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing, so long as the total word count for the original and reply memorandum does not exceed 12,000 words.

---

[1]     At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve nondispositive disputes between the parties on an informal basis via a telephone conference. However, before the Court will agree to proceed with this informal resolution mechanism, all parties to the dispute must agree to use this informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (e.g. the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed). If the parties do agree to use this informal resolution process, one of the parties shall contact Calendar Clerk Katie Haagenson, 651-848-1190, to schedule the conference. The parties may (but are not required to do so) submit short letters, with or without a limited number of documents attached, prior to the conference to set forth their respective positions.  The Court will read the written submissions of the parties before the phone conference, hear arguments of counsel at the conference, and if no one changes their decision during the phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference or shortly after the conference. Depending on the nature of the dispute, the Court may or may not issue a written order.  If there is no agreement to resolve a dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

Dispositive Motions

All dispositive motions shall be served and filed in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 7.1. Dispositive motions may be scheduled for a hearing by calling Deb Siebrecht, Calendar Clerk for Judge Richard H. Kyle, at 651-848-1166. All dispositive motions shall be served, filed and HEARD on or before September 1, 2010.

Trial

This case shall be ready for a jury trial on December 1, 2010, or upon resolution of any pending dispositive motions.

General

Tutorial Describing the Technology and Matters in Issue

The parties agree that a tutorial for the Court would [would not] be helpful, particularly in connection with the Claim Construction hearing. The parties submit that the tutorial should include videos.

Patent Procedure Tutorial

The parties agree that the video "An Introduction to the Patent System," distributed by the Federal Judicial Center, should [should not] be shown to the jurors in connection with its preliminary jury instructions.

Protective Order

The parties intend to enter into a protective order. In the interim, any documents which any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and not withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party shall designate the documents under the protective order.

Electronic Discovery

The parties shall preserve all electronic documents that bear on any claims, defenses or the subject matter of this lawsuit.

The parties have discussed issues relating to the disclosure and discovery of electronically-stored information. They will continue these discussions in the context of requests for production of documents and the better understanding of the scope

of electronic documents subject to discovery.  The issue of inadvertent production of privileged or trial preparation material will be addressed in the parties' proposed Protective Order.

Dated:        March 18, 2009

_s/ Janie S. Mayeron_
JANIE S. MAYERON
United States Magistrate Judge