UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Blazek Glass s.r.o., *f/k/a* J. Blazek SKLO Podebrady s.r.o., and Mr. Dalibor Blazek<br><br>Plaintiffs,<br>v.<br><br>Burton International Enterprises, Crystal Files & Gifts, Inc. and Monika Burton,<br><br>Defendants. | Case No.: 08-CV-2354 (RHK/JSM)<br><br>DEFENDANTS' MEMORANDUM OF LAW SUPPORTING THEIR JOINT MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT |

## INTRODUCTION

Plaintiffs Blazek Glass s.r.o., *f/k/a* J. Blazek SKLO Podebrady s.r.o. and Mr. Dalibor Blazek brought this action based on allegations that Defendants Burton International Enterprises, Crystal Files & Gifts, Inc. and Monika Burton infringed two patents under the patent laws of the United States.

Defendant Burton International Enterprises, a former business entity organized under the laws of British Columbia, Canada, moves this Court for dismissal of each claim asserted against it by the Plaintiffs pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendant Monika Burton, an individual, moves this Court for dismissal of certain of the claims asserted against her by Plaintiffs pursuant to Rule 12(b)(6), and also moves this Court for a grant of summary judgment in her favor pursuant to Federal Rule of Civil Procedure 56(b).

## IDENTIFICATION OF RECORD

Defendant Monika Burton provides the following list of documents that comprise the record on which her motion for summary judgment is premised:

1. The First Amended Complaint of Plaintiffs Blazek Glass s.r.o., *f/k/a* J. Blazek SKLO Podebrady s.r.o., and Mr. Dalibor Blazek, referred to herein as "First Amended Complaint" – Docket No. 25;

2. The March 11, 2009 Declaration of Attorney Dan Rasmus, with attached Exhibits A & B, submitted in opposition to Plaintiffs' Motion to Strike Defendants Statement of Defense ("March 2009 Declaration" herein) – Docket No. 35;

3. Defendants' Memorandum Opposing Plaintiffs' Motion to Strike Defendants' Statement of Defense – Docket No. 34; and

## FACTUAL AND PROCEDURAL BACKGROUND

The subject of this motion is the January 2009 First Amended Complaint of Plaintiffs Blazek Glass s.r.o., *f/k/a* J. Blazek SKLO Podebrady s.r.o., and Mr. Dalibor Blazek (referred to collectively as "Plaintiffs") (See First Am. Compl.)  Blazek Glass is a company that manufactures and sells various glass nail files to customers on an international basis. (Id. at ¶ 9.)  On December 3, 2002 and February 24, 2004, the two patents at issue in this case were purportedly issued to Mr. Dalibor Blazek by the United States Patent and Trademark Office. (Id. at ¶¶ 10-11.) Blazek Glass claims to be the exclusive licensee of these two patents.  (Id.)

Defendant Monika Burton owns a Canadian business, which was founded in 2004, under the name CRYSTAL FILES & GIFTS, INC. ("Crystal Files" herein). (See March 2009 Declaration, Ex. B.) The company is registered as a Canadian corporation and is located in British Columbia, Canada. (Id.)  There are no facts in the record suggesting anything other than the good standing of Crystal Files as a valid and viable British Columbia corporation.  The Corporate registration suggests Crystal Files was incorporated pursuant to the corporate laws of British Columbia and has always been operated in accordance with the corporate laws of British Columbia, including the maintenance of the distinction between the corporation's legal identity and the personal legal identity of Ms. Burton and every other director, officer, shareholder and employee. (Id.)

Defendant Monika Burton previously managed a now-dissolved small business, Burton International Enterprises – a sole proprietorship that was legally dissolved as of June 30, 2004. (March 2009 Declaration, Ex. A.)

Plaintiffs allege in their Complaint that Defendants Burton International Enterprises, Crystal File & Gifts, Inc. and Monika Burton (referred to collectively as "Defendants") have each directly engaged in the unauthorized sale of products protected by the two patents issued to Mr. Dalibor Blazek and licensed exclusively to Blazek Glass. (First Am. Compl. ¶ 13.)  Plaintiffs further allege that Monika Burton has engaged in such infringing activity in her individual capacity because, "*upon information and belief*, [she] uses the names Burton International and Crystal Files & Gifts as aliases to operate

her business (emphasis added). (Id. at ¶ 14.) Plaintiffs allege that Ms. Burton is an officer or principal of both Burton International Enterprises and Crystal Files & Gifts. Id.

Defendants' counsel has requested that Plaintiffs withdraw the claims against Burton International Enterprises and Monika Burton. To date, Plaintiffs have refused. As of the date this Motion was filed, Defendants served Plaintiffs with a Rule 11 Motion concerning the issues raised herein.

## LEGAL ARGUMENT

### A. THE DISMISSAL STANDARD UNDER RULE 12(b)(6)

The court must dismiss a complaint or counts in the complaint under Federal Rule of Civil Procedure 12(b)(6) when the plaintiff has failed to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). Under Rule 12(b)(6), the court considers the allegations contained in the complaint as true. Gebhardt v. ConAgra Foods, Inc., 335 Fed.3d 824, 829 (8th Cir. 2003). A court may also consider documents that are "necessarily embraced" by the complaint without converting a motion to dismiss into one for summary judgment. See Silver v. H&R Block, Inc., 105 Fed.3d 394, 397 (8th Cir. 1997); Brogren v. Pohlad, 933 F.Supp.2d 793, 798 (D. Minn. 1995). A court must grant a motion to dismiss when there is no set of facts that would allow the plaintiff to recover and where the allegations contained in the complaint show on their face that the plaintiff faces an insuperable bar to relief. See Springdale Education Association v. Springdale School District, 133 Fed.3d 649, 651 (8th Cir. 1998); Parness v. Gateway 2000, Inc., 122 Fed.3d 539, 546 (8th Cir. 1997).

## B.  THE STANDARD FOR SUMMARY JUDGMENT

The summary judgment standard is set forth in Federal Rule of Civil Procedure 56:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

See Fed. R. Civ. P. 56.  A party is entitled to summary judgment if (1) no material facts are in dispute, and (2) the court can legally grant the requested judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  See also Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995); Ring v. Sears, Roebuck & Co., 250 F.Supp.2d 1130, 1138 (D. Minn. 2003).

Once the moving party has met its burden, to survive a motion for summary judgment, the nonmoving party must establish that there is a genuine issue of material fact through substantial evidence. Osborne v. Twin Town Bowl, Inc., 749 N.W.2d 367, 371 (Minn. 2008). It is not enough for the nonmoving party to show "some metaphysical doubt." DLH, Inc. v. Russ, 566 N.W.2d 60, 70-71 (Minn.1997) (quotation omitted). "Mere speculation, without some concrete evidence, is not enough to avoid summary judgment." Bob Useldinger & Sons, Inc. v. Hangsleben, 505 N.W.2d 323, 328 (Minn.1993).

### C. BURTON INTERNATIONAL ENTERPRISES IS ENTITLED TO AN ORDER FROM THE COURT DISMISSING ALL OF PLAINTIFFS' CLAIMS MADE AGAINST IT

Because Burton International is no longer a legally existing entity, having been dissolved in 2004, Plaintiffs' allegations against it necessarily fail to state a claim upon which relief can be granted.

Whether a foreign corporation can be sued after dissolution depends upon the law of the state of incorporation (or in this case, the province of incorporation). A dissolved corporation may be sued in federal court if the law of the state/province where it is incorporated authorizes such suit. Bauer v. Uniroyal Tire Co., 630 F.2d 1287, 1290, n. 2 (8th Cir. 1980). The corporate laws of British Columbia, like many of its counterparts in the United States, extend continuing exposure to lawsuits following dissolution, although the limitations period under British Columbia, Canada law for commencing an action against a dissolved corporation is two years. See Business Corporations Act of British Columbia, Ch. 57, Pt. 10, Div. 8, § 346(1)(b) (emphasis added).

It is undisputed that Burton International Enterprises has been dissolved since June of 2004. This action was commenced in January of 2009. Accordingly, this action – so far as it may implicate Burton International Enterprises as a separate corporate entity distinct from Monika Burton – is time-barred.

Alternatively, if the Court instead characterizes Burton International Enterprises as a sole proprietorship without a legal existence distinct from Monika Burton for liability purposes, its inclusion in this suit is redundant, confusing and simply a waste of time, as Ms. Burton is already a named Defendant. Under either characterization Burton

International Enterprises is entitled to an Order from this Court dismissing Plaintiffs' claims against it.

### D.  MONIKA BURTON IS ENTITLED TO AN ORDER FROM THIS COURT DISMISSING PLAINTIFFS' ALLEGATIONS THAT SHE IS PERSONALLY LIABLE FOR THE ACTIONS OF CRYSTAL FILES & GIFTS, INC.

In so far as Plaintiffs' Complaint asserts that Monika Burton is personally liable for the alleged actions of Crystal Files and Gifts, Inc., it fails to state a claim for which relief can be granted. Under British Columbia corporate law, like in the corporate laws of the states, equity shareholders and directors in a corporation are not personally liable for the liabilities of the corporation. Business Corporations Act of British Columbia, Ch. 57, Pt. 3, Div. 7, § 87(1) (shareholders are not personally liable); Id. at Pt. 5, Div. 4, §§ 154-158 (specifying the limited circumstances in which a director may be held personally liable).

Plaintiffs vaguely assert that Monika Burton uses the name "Crystal Files & Gifts as [an] alias to operate her business." (First Am. Compl. ¶ 14.)  Plaintiffs can point to no facts contained in the First Amended Complaint that support this bare allegation. Actually, this statement by Plaintiffs their First Amended Complaint is not a factual allegation – rather, it is a conclusion upon which Plaintiffs cannot rely to survive dismissal under Rule 12.  See Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d, 649, 651 (8th Cir. 1998) (stating that to avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely conclusions).

Here, Plaintiffs' First Amended Complaint states conclusions with respect to the personal liability of Monika Burton.  Without more, the allegations amount simply to an

assertion that Monika Burton runs a business named Crystal Files & Gifts, Inc. By this assertion, Plaintiffs have not stated a recognized theory for extending liability to Ms. Burton and they cannot rely on their week conclusions to sustain their claims against Ms. Burton.

Furthermore Plaintiffs offer no factual grounds justifying the piercing of the corporate veil to reach Ms. Burton personally under the Business Corporations Act of British Columbia for the actions of Crystal Files & Gifts. In Paragraph 13 of their First Amended Complaint, Plaintiffs allege that "Defendants are each directly engaged in the sale of infringing products" (¶ 13.). Similarly, they allege that "Defendant Burton is individually directly engaged in the sale of infringing products." (Compl. ¶ 14.) These allegations, however, are not relevant to the issue of whether there are facts sufficient to state a claim for piercing the corporate veil. Indeed, no such facts are alleged. See, e.g., Dole Food Co. v. Patrickson, 538 U.S. 468, 475 (2003) (holding that exceptional circumstances must be present to justify piercing the corporate veil, including allegations of fraud).

Accordingly, in so far as Plaintiffs intended to hold Monika Burton personally liable for the activities of Crystal Files & Gifts based on the legal and factual allegations set forth in Paragraphs 13 and 14 of their Complaint, they have failed to state a claim upon which relief can be granted. Defendant Monika Burton is entitled to an Order dismissing this harassing attempt to include here individually in the lawsuit and transfer liabilities of Crystal Files to her personally.

### E.  ALTERNATIVELY, MONIKA BURTON IS ENTITLED TO SUMMARY JUDGMENT REGARDING PLAINTIFFS' ALLEGATIONS THAT SHE IS PERSONALLY LIABLE FOR THE ACTIONS OF CRYSTAL FILES.

If the Court is willing to construe Plaintiffs' vague assertion that "Defendant Burton uses the name . . . Crystal Files & Gifts as [an] alias to operate her business" (Compl. ¶ 14) as an allegation that Monika Burton has somehow abused the corporate form of Crystal Files & Gifts, or has otherwise used it as a shell for what is essentially personal activities, and that such abuse is grounds for piercing the corporate veil and holding Monika Burton personally liable for the actions of Crystal Files & Gifts, Plaintiffs have still failed to set forth any grounds for disregarding the corporate entity.

Because Defendants have moved for summary judgment on the issue of whether Ms. Burton should be personally liable for any potential claims, the burden is now on Plaintiffs to come forth with at least some concrete facts evidencing activity on the part of Monika Burton which might justify piercing the corporate veil.  Plaintiffs have yet to produce such evidence, and they cannot do so.  Accordingly, Monika Burton is entitled to summary judgment on the issue of her personal liability for the actions of Crystal Files & Gifts.

Because Plaintiffs cannot produce any evidence supporting a contention that the corporate form of Crystal Files should be disregarded, and that liability should be attached to Monika Burton personally, Ms. Burton is entitled to summary judgment in her favor on the issue of her personal liability for the actions of Crystal Files & Gifts, Inc.

## CONCLUSION

Based on the foregoing, Defendants respectfully request an Order from this Court granting the following items of relief:

1. An Order dismissing all of Plaintiffs' claims against Defendant Burton International Enterprises pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted; AND

2. With respect to Monika Burton's exposure to personal liability for the actions of Crystal Files & Gifts, Inc., an Order from this Court EITHER:

   a. Dismissing all of Plaintiffs' vague assertions that Monika Burton is liable for the activities of Crystal Files & Gifts, Inc. pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or,

   b. Granting summary judgment in favor of Monika Burton on the issue of whether Ms. Burton may be liable under a theory of veil piercing.

3. An order for sanctions and fees in accordance with the parameters established by Federal Civil Rule of Procedure 11.

**RASMUS LAW OFFICE, L.L.C.**

Dated: May 4, 2009

By: /s/ Dan Rasmus
Dan Rasmus (#0260289)
333 South 7th Street
Suite 3020
Minneapolis, MN 55402
Telephone: (612) 746-0321

**ATTORNEY FOR DEFENDANTS**